MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

PATRICIA SPALETTA (CABN 156788)
Special Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 522-6031
Facsimile: (415) 436-7234
E-Mail: Patricia.Spaletta@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-00274 WHA |
| Plaintiff, | ) ) | **UNITED STATES'** |
| v. | ) ) | **SENTENCING MEMORANDUM** |
| | ) | Court: Hon. William H. Alsup |
| | ) | Date: December 13, 2011 |
| OSCAR FLORES, | ) | Time: 2:00 p.m. |
| Defendant. | ) ) ) | |

**INTRODUCTION**

On September 27, 2011, defendant Oscar Flores pled guilty to the following six counts of the Superseding Indictment: Counts One, Three, and Five, Transfer of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(2); counts Two and Four, Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1); and Count Six, Possession of a Document Making Implement, in violation of 18 U.S.C. § 1028(a)(5). At the next hearing, the parties anticipate the Court will accept the parties' plea agreement in this case entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and sentence the defendant according to the terms of the plea agreement. The parties have agreed that the defendant will be sentenced in accordance with the Sentencing Guidelines at the low-end range

of adjusted offense level 19 and the applicable criminal history category as determined by the Court. The Government agrees with U.S. Probation that the defendant's criminal history category (CHC) is I. Accordingly, the plea agreement contemplates a term of <u>30 months</u> imprisonment. This sentence is just punishment for the offense, promotes respect for the law, and adequately deters the defendant from engaging in similar conduct in the future. The recommended sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## DISCUSSION

In sentencing the defendant, this Court must consider all of the directives set forth in 18 U.S.C. section 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Section 3553(a) directs the court to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

The defendant's adjusted offense level is 19. PSR ¶ 30.[1] The defendant's criminal history category is I. PSR ¶ 34. For the following reasons, the United States submits that a sentence of

---

[1] The adjusted offense level includes an additional one level decrease for acceptance of responsibility. U.S.S.G. § 3E1.1(b). The United States hereby moves for the reduction. The defendant's timely notification of his intent to enter a plea of guilty permitted the government to avoid trial preparation and thus permitted the Court to allocate its resources efficiently.

U.S. v. OSCAR FLORES, CR 11-00274
SENTENCING MEMO          2

30 months imprisonment, followed by three years of supervised release, appropriately addresses all such considerations.

This case involves a 6-month undercover ICE investigation of the defendant and his co-defendant[2] who were found to have manufactured and sold fraudulent identity documents, namely lawful permanent resident cards and social security cards, to illegal aliens in Sonoma county. PSR ¶¶ 9-12. ICE utilized a confidential informant and an undercover agent to buy fraudulent identity documents from the defendant and co-defendant on three separate occasions. PSR ¶¶ 9-11. ICE also conducted surveillance of the defendants and determined that the documents were being made at the co-defendant's residence. PSR ¶ 11. After execution of a search warrant, ICE seized a computer, a laminating device, printer, a paper cutter, and scanner upon which the fraudulent identity documents were made. PSR ¶ 12. In addition, ICE seized several counterfeit identity documents, boxes of plastic card stock, various state government seals, including blank lamination sleeves which contained counterfeit government holograms from the United States and Mexico. PSR ¶ 12. ICE also seized a thumb drive which contained over 400 templates that can be used to create counterfeit identification documents, including lawful permanent resident cards, employment authorization cards, social security cards, state and foreign drivers' licenses.[3] The document making implements were removed from co-defendant Olivia Hernandez's bedroom. *See* n.3.

The defendant's adjusted offense level of 19 accurately reflects the seriousness of the offense. This includes a 9 level enhancement because the offense involved 100 or more documents, as supported by the evidence seized from the residence. PSR ¶ 12. It also includes a two level enhancement for the defendant's aggravated role in the offense. PSR ¶ 4. Here, the defendant arranged the meetings between the co-defendant and undercover agent and set the price for the fraudulent documents. PSR ¶ 10-11. Moreover, the co-defendant directed the

---

[2]Co-defendant Jonathan Juarez-Hernandez has pled guilty to the charges in the Indictment and is scheduled for sentencing before this Court on December 20, 2011.

[3]This information is contained in ICE Report of Investigation, Report Number 31, which was provided to defense counsel and bates-stamped OF JJ-0221-224.

undercover agent to contact the defendant if he needed additional fraudulent documents and affirmatively confirmed the defendant was the "boss." PSR ¶ 11.  The defendant was engaged in the business of selling and manufacturing fraudulent identity documents, which undermines the integrity of our immigration laws and the security of our country.

Accordingly, a sentence of 30 months – the low-end of the Guidelines range – is reasonable in this particular case.  It adequately takes into account the seriousness of the offense and the defendant's characteristics.  The sentence is sufficient to promote respect for the law and deter him from committing further crimes.

## CONCLUSION

For the reasons stated, in full consideration of the defendant's history and characteristics together with the other goals of sentencing, the United States respectfully requests that the Court sentence the defendant to 30 months imprisonment, followed by thirty-six months of supervised release, and a $600 Special Assessment.  This sentence adequately accounts for all of the relevant considerations and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Dated: December 6, 2011

Respectfully submitted,

MELINDA HAAG  
United States Attorney

_____/s/_____  
PATRICIA SPALETTA  
Special Assistant United States Attorney